# OFFICIAL LOCAL FORM 3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

### CHAPTER 13 PLAN COVER SHEET

Filing Date: 6/20/15

Docket #: 15-11996

Debtor: Lynne Pierce

Co-Debtor: _____

SS#: ████████771

SS#: _____

Address: 61 Broad Reach ms16
Weymouth Ma 02191

Address: _____

Debtor's Counsel: _____

Address: _____

Telephone #: _____

Facsimile #: _____

US BANKRUPTCY COURT
2015 JUL 21 AM 11:45

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# OFFICIAL LOCAL FORM 3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

### PRE-CONFIRMATION CHAPTER 13 PLAN

Docket No.: 15-11996

DEBTOR(S):

(H) 857-526-3031        SS#: █████████

(W) _____      SS#: _____

**I.   PLAN PAYMENT AND TERM:**

Debtor(s) shall pay monthly to the trustee the sum of $_____ for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☑ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____

_____

_____; or

☐ ____ Months. The debtor states as reasons therefore: _____

_____

_____

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

**A.  SECURED CLAIMS**

    1.    Modified Secured Claims

        The secured claim of (Creditor) is being modified as follows: (describe modified treatment). The secured creditor is retaining its lien on (describe property) to the following extent: _____. The balance of the claim will be treated as an unsecured claim in the sum of $_____ as set forth below.

    2.    Unmodified Secured Claims

        (Creditor) is retaining its lien on (describe property). The debtor(s) shall continue to make regular monthly payments in accordance with the contract with (creditor). (Creditor) will be paid its prepetition arrearage in the sum of $_____ over _____ months in the sum of $_____ per month.

**B.  ADMINISTRATIVE CLAIMS**

    (Creditor) will be paid $_____ over _____ months.

**C.  PRIORITY CLAIMS**

    a)    Tax Claims

    b)    Other

**D.  UNSECURED CLAIMS**

**E.  OTHER PERTINENT PROVISIONS**

## II. SECURED CLAIMS:

A. Claims to be paid through the Plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Janet Oulousian | Condo fee | $ 7,000 |
| Donald Solomon | Judgement | $ 14,000 |
| NCO Portfolio Mgmt | | $ 1,700 |

Total of secured claims to be paid through the Plan: $ _____

B. ~~Claims to be paid directly by debtor to creditors (Not through Plan):~~

| Creditor | Description of Claim | |
|---|---|---|
| HSBC | | $ 569 |
| Lustig Glaser Wilson | credit | $ 11,397.00 |
| Verizon | | $ 500.00 |
| National Grid | | $ 3,300.00 |
| Comcast | | $ 751 |
| protect america | | $ 1,118 |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| | | |
| | | |

D. Leases:

  i. The debtor(s) intend(s) to reject the residential/personal property lease claims of _____ ; or

  ii. The debtor(s) intend(s) to assume the residential/personal property lease claims of _____ .

  iii. The arrears under the lease to be paid under the Plan are _____ .

### III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Total of Priority Claims to Be Paid Through the Plan:          $_____

### IV. ADMINISTRATIVE CLAIMS:

A. Attorney's Fees (to be paid through the Plan):          $_____

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

C. The chapter 13 trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% trustee's commission.

### V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of _____% of their claims.

A. General unsecured claims          $_____

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| ~~Horizon~~ | | $ |
| | | $ |
| | | $ |

C.  Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

Total of Unsecured Claims (A + B + C):  $_____

D.  Multiply total by percentage:   $_____
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E.  Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

Total amount of separately classified claims payable at _____%:  $_____

## VI.  OTHER PROVISIONS:

A.  Liquidation of assets to be used to fund the Plan:

_____

_____.

B.  Miscellaneous Provisions:

_____

_____.

**VII.  CALCULATION OF PLAN PAYMENT:**

A.  Secured claims (Section I-A Total):                             $_____

B.  Priority claims (Section II-A & B Total):                       $_____

C.  Administrative claims (Section III-A&B Total):                  $_____

D.  Regular unsecured claims (Section IV-D Total): +                $_____

E.  Separately classified unsecured claims:                         $_____

F.  Total of A + B + C + D + E above:                     =         $ 45,000.00

G.  Divide (F) by .90 for total including trustee's fee:

    Cost of Plan                                          =         $ 50,000.00

(This represents the total amount to be paid into the Chapter 13 Plan)

H.  Divide (G), Cost of Plan, by Term of Plan, 36 months

I.  Round up to nearest dollar for Monthly Plan Payment:            $ 1389.00 ?
    (Enter this amount on page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

**VIII.  LIQUIDATION ANALYSIS**

A.  Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

Total Net Equity for Real Property:          $_____

Less Total Exemptions (Schedule C):          $_____

Available Chapter 7:                         $_____

B.  Automobile (Describe year, make, model):

_____ Value $_____ Lien $_____ Exemption $_____

_____ Value $_____ Lien $_____ Exemption $_____

Total Net Equity:                                                 $_____

Less Total Exemptions (Schedule C)                                $_____

Available Chapter 7:                                              $_____

C.  All other Assets: (All remaining items on Schedule B) : (Itemize as necessary)

_____

_____.

Total Net Value:                                                  $_____

Less Exemptions (Schedule C):                                     $_____

Available Chapter 7:                                              $_____

D.  Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:

                                                                  $_____

E.  Additional Comments regarding Liquidation Analysis:

_____

_____

## IX. SIGNATURES

Pursuant to the Chapter 13 Rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the chapter 13 trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

_____          _____
Debtor's Attorney                         Date


_____          _____
Debtor's Attorney                         Date

Attorney's Address: _____

_____

Tel. # (      ) _____-_____

Email Address: _____

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

_____*Lynne Pierce*_____                    ____6/2/15____
Debtor                                                              Date

_____                    _____
Debtor                                                              Date

2015 JUL 21  AM 11:45
US BANKRUPTCY COURT

OFFICIAL LOCAL FORM 4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re  Lynne Pierce                     Case No. 15-11996

                                        Chapter 13

Debtor

### ORDER CONFIRMING CHAPTER 13 PLAN

The debtor(s) filed a First Amended Chapter 13 Plan (the "Plan") on 5/20/15. The debtor(s) filed a Certificate of Service on 5/20/15, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 60 months.

2. The debtor(s) shall pay to the chapter 13 trustee the sum of $100.00 per month commencing 8/1/15 which payments shall continue through completion of the Plan and shall be made on the first day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to the Chapter 13 Trustee, P.O. Box 8250, Boston, MA 02114 or, if applicable, Chapter 13 Trustee, P.O. Box 16607, Worcester, MA 01601.

3. The effective date of confirmation of the Plan is 8/1/15.
The disbursements to be made by the chapter 13 trustee pursuant to the confirmed Plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan. Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the debtor(s) only upon discharge. All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court. The debtor(s) shall not transfer, sell or otherwise alienate property of the estate other than in accordance with

the confirmed Plan or other order of the bankruptcy court. The debtor shall be responsible for preserving and protecting property of the estate.

Dated: 7/1/2015

_____
United States Bankruptcy Judge